### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**Angela Nails,**

    **Plaintiff,**

    **v.**

**Huntington Bank,**

    **Defendant.**

**Case No. 2:21–cv–4231**

**Judge Michael H. Watson**

**Magistrate Judge Vascura**

### OPINION AND ORDER

On August 31, 2021, Magistrate Judge Vascura issued an Order and Report and Recommendation ("R&R") regarding the Complaint filed by Angela Nails ("Plaintiff"). R&R, ECF No. 2. Magistrate Judge Vascura recommended the Court dismiss Plaintiff's action for lack of subject matter jurisdiction. R&R, ECF No. 2. Plaintiff objects to Magistrate Judge Vascura's findings regarding subject matter jurisdiction. ECF No. 3. For the following reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, and **DISMISSES WITHOUT PREJUDICE** Plaintiff's action.

### I. ANALYSIS

Magistrate Judge Vascura recommended the Court dismiss Plaintiff's claim on the grounds that "Plaintiff has not identified any federal statutory or constitutional provision under which her claims arise, and because Plaintiff has failed to plausibly allege facts upon which this Court could rely to conclude that the requisite amount in controversy is satisfied." R&R 4, ECF No. 2.

Plaintiff objects to this recommendation and reiterates that she "believes the court has Subject Jurisdiction for damages in cases of injury." Obj. 1, ECF No. 3.

The Court does not have general jurisdiction over all cases involving injury. As outlined aptly in Magistrate Judge Vascura's R&R:

> "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. Id. (citation omitted). For a federal court to have diversity jurisdiction pursuant to § 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

R &R 2, ECF No. 2. Although Plaintiff does include details in her objection that were not contained within her Complaint, even if the Court were to interpret those additions as if they had been included in the Complaint, they do not establish that jurisdiction exists. Plaintiff points to no federal question that is invoked. Additionally, Plaintiff does not explain how her damages exceed $75,000. She argues that she has suffered from a mental relapse and mental injury as a result of her checking account being closed by Defendant. Obj. 1, ECF No. 3. Plaintiff says that she must "self-medicate herself with exercises treatment to help the Plaintiff to live her daily life in her own home." *Id.* Plaintiff also points to "not being able to

use the Plaintiff deposited account and another 1 year after the two accounts were closed." *Id.* Plaintiff states that she is "seek[ing] medical assistance from a professional medical health person" as damages. *Id.* at 2. Even considering these allegations, Plaintiff has not sufficiently provided factual allegations supporting her claim of damages, and it is not clear how the damages could exceed $75,000.

Having reviewed Magistrate Judge Vascura's R&R, the Court arrives at the same result: this claim must be dismissed for lack of subject-matter jurisdiction.

## II. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, ECF No. 3, and **ADOPTS** the R&R, ECF No. 2. As such, Plaintiff's claim is **DISMISSED WITHOUT PREJUDICE** to her filing claims in state court.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**